IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-323-D

NARAYAN PRASAD DEO,                )
                                   )
                    Plaintiff,     )
                                   )
        v.                         )
                                   )
NORTH CAROLINA DEPARTMENT          )
OF ENVIRONMENT AND NATURAL         )
RESOURCES,                         )
                                   )
                    Defendant.     )

On July 1, 2013, Narayan Prasad Deo filed a pro se complaint against the North Carolina Department of Environment and Natural Resources ("DENR"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964. See [D.E. 4]. On November 20, 2013, DENR moved to dismiss the complaint for lack of subject-matter jurisdiction, for insufficient service of process, and for failure to state a claim upon which relief can be granted. [D.E. 14]; see Fed. R. Civ. P. 12(b)(1), (5), (6). On December 16, 2013, Deo responded in opposition [D.E. 18]. As explained below, the court grants DENR's motion to dismiss for insufficient service of process.

On July 2, 2013, the day after Deo filed his complaint, the clerk issued a summons [D.E. 5], and mailed the summons to Deo along with a letter instructing Deo:

> It is your responsibility to serve the defendant properly (See Rule 4—Federal Rules of Civil Procedure). Improper service may result in the dismissal of your case. You may not serve the summons yourself. Rather, the summons, complaint, and financial disclosure statement may be served on the defendant as follows:
>
> (1)   Personal Service by any person over the age of 18 who is not a party to the case.
>
> (2)   Certified mail, return receipt requested, by any person over 18 who is not a party to the case.

> (3) Service by a United States Marshal or appointed person if the court grants your request.

[D.E. 6]. The initial summons was addressed to "Mr. Charles Malone, EEO Officer." On October 22, 2013, Deo notified the court that he had been unable to serve Malone because Malone had retired. See [D.E. 11]. The same day, the clerk issued a second summons, this time addressed to "Mr. Paul Harrell, EEO Officer" [D.E. 10]. Deo sent the summons to Harrell by certified mail, and filed the return receipt as proof of service. See [D.E. 12].

In its motion to dismiss, DENR argues that it has not been properly served. See Mem. Supp. Mot. Dismiss [D.E. 15] 3–5. Deo responds that "[t]he summons was served per the guidance of the clerk office of the court, and to the official addressee which EEOC had used on my case filing." Mem. Opp'n Mot. Dismiss [D.E. 18] 1.

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). The plaintiff bears the burden of proving proper service. See Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 773 (E.D.N.C. 2011); O'Meara v. Waters, 464 F. Supp. 2d 474, 476 (D. Md. 2006). Rule 4 of the Federal Rules of Civil Procedure details the means of properly effecting service of a summons and complaint. Under Rule 4, a non-party must serve the summons. The plaintiff may not serve the defendant. See Fed. R. Civ. P. 4(c)(2); Constien v. United States, 628 F.3d 1207, 1213–14 (10th Cir. 2010); Dougherty v. Snyder, Civil No. 1:CV-10-1071, 2010 WL 3168323, at *1 (M.D. Pa. July 29, 2010) (unpublished); Price v. Hous. Auth. of New Orleans, Civil Action No. 09-4257, 2010 WL 2836103, at *1 (E.D. La. July 16, 2010) (unpublished). This principle in Rule 4(c)(2) applies "[e]ven when service is effected by use of the mail[.] [O]nly a nonparty can place the summons and complaint in the mail . . . . [T]he rule contains no mailing

2

exception to the nonparty requirement for service." Constien, 628 F.3d at 1213–14; see Kelley v. Enviva, LP, No. 7:13-CV-197-BO, 2014 WL 1323186, at *1 (E.D.N.C. Apr. 1, 2014) (unpublished); Pitts v. O'Geary, No. 5:13-CV-116-D, 2014 WL 229350, at *4 (E.D.N.C. Jan. 21, 2014) (unpublished); Reale v. Wake Cnty. Human Servs., No. 5:11-CV-682-D, 2013 WL 2635181, at *2 (E.D.N.C. June 12, 2013) (unpublished); Knotts v. Univ. of N.C. at Charlotte, No. 3:08-CV-478, 2011 WL 650493, at *8–9 (W.D.N.C. Feb. 10, 2011) (unpublished).

Deo has improperly attempted to personally serve DENR by certified mail. See [D.E. 12]. Deo has not served DENR through a nonparty. Thus, DENR has not been properly served. Even pro se plaintiffs must comply with the Federal Rules of Civil Procedure. See, e.g., Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149–52 (1984) (per curiam); Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013–14 (5th Cir. 1990) (per curiam). Although the court recognizes that it enjoys some discretion in enforcing Rule 4 when there is actual notice, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

Rule 4(m) permits the court to extend the 120-day time for service when a plaintiff shows good cause for the failure to serve a defendant. See, e.g., Hansan v. Fairfax Cnty. Sch. Bd., 405 F. App'x 793, 793–94 (4th Cir. 2010) (per curiam) (unpublished); Giacomo-Tano v. Levine, 199 F.3d 1327, 1999 WL 976481, at *1–2 (4th Cir. Oct. 27, 1999) (per curiam) (unpublished table decision); Scruggs v. Spartanburg Reg'l Med. Ctr., 198 F.3d 237, 1999 WL 957698, at *1–3 (4th Cir. Oct. 19, 1999) (per curiam) (unpublished table decision); Mendez v. Elliot, 45 F.3d 75, 78–79 (4th Cir. 1995). Additionally, the court has discretion to extend the 120-day period if a plaintiff can show excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B); Henderson v. United States, 517 U.S. 654,

662–63 (1996). Deo has not shown good cause or excusable neglect. The clerk's instructions made clear that Deo could not effect service, yet Deo ignored the instruction. See [D.E. 6]. Accordingly, the court dismisses Deo's complaint without prejudice.

In sum, DENR's motion to dismiss [D.E. 14] is GRANTED and the complaint is DISMISSED WITHOUT PREJUDICE. In light of this decision, the court does not address the arguments under Rule 12(b)(1) or 12(b)(6).

SO ORDERED. This 29 day of July 2014.

JAMES C. DEVER III
Chief United States District Judge